# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
06/26/2020
CT Log Number 537855511

TO: RAJESH GUPTA
KIJARA GROUP, LLC
116 STRATFORD CT
NAPERVILLE, IL 60540

RE: **Process Served in Michigan**

FOR: KIJARA GROUP, LLC (Domestic State: IN)
According to our records representation services for this entity have been discontinued in this jurisdiction.

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Sharvadia Hollingsworth, Pltf. vs. Kijara Group, LLC, etc., and Whittier Manor, etc., Dfts. |
| DOCUMENT(S) SERVED: | - |
| COURT/AGENCY: | None Specified<br>Case # 20007844NO |
| ON WHOM PROCESS WAS SERVED: | National Registered Agents, Inc., Bingham Farms, MI |
| DATE AND HOUR OF SERVICE: | By Certified Mail on 06/26/2020 postmarked on 06/24/2020 |
| JURISDICTION SERVED: | Michigan |
| APPEARANCE OR ANSWER DUE: | None Specified |
| ATTORNEY(S) / SENDER(S): | None Specified |
| ACTION ITEMS: | SOP Papers with Transmittal, via UPS Next Day Air, 1ZX212780102097146 |
| SIGNED:<br>ADDRESS: | National Registered Agents, Inc.<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604 |
| For Questions: | 866-705-2500<br>CentralTeam2@wolterskluwer.com |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



*Law Offices of*
**Kelman & Fantich**
*Attorneys & Counselors at Law*

30903 NORTHWESTERN HIGHWAY
SUITE 270
FARMINGTON HILLS, MI 48334



Kijara Group, LLC
c/o National Registered Agents, Inc.
40600 Ann Arbor Road, Suite 201
Plymouth, MI 48170

7019 1120 0002 0563 5035

Approved, SCAO

Original - Court
1st Copy- Defendant

2nd Copy - Plaintiff
3rd Copy -Return

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | SUMMONS | CASE NO. 20-007844-NO Hon. Susan L. Hubbard |
|---|---|---|

Court address : 2 Woodward Ave., Detroit MI 48226

Court telephone no.: 313-224-5183

| Plaintiff's name(s), address(es), and telephone no(s) HOLLINGSWORTH, SHARVADIA | v | Defendant's name(s), address(es), and telephone no(s). KIJARA GROUP, LLC, a Foreign Limited Liability Company |
|---|---|---|

Plaintiff's attorney, bar no., address, and telephone no

Brian L. Fantich 60935
30903 Northwestern Hwy Ste 270
Farmington Hills, MI 48334-3148

Instructions: Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☒ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

**SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons and a copy of the complaint to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date 6/22/2020 | Expiration date* 9/21/2020 | Court clerk Carlita McMiller |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19)   SUMMONS   MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

**SUMMONS**
Case No.: 20-007844-NO

## PROOF OF SERVICE

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required) |

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ | Name (type or print) |

Title _____

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                              Date

My commission expires: _____  Signature: _____
                          Date                    Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____ Attachments

on _____
        Day, date, time

Signature _____ on behalf of _____

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

SHARVADIA HOLLINGSWORTH,

    Plaintiff,

vs.

                                            Case No.:        NO
                                            Hon.:

KIJARA GROUP, LLC, A Foreign Limited
Liability Company

WHITTIER MANOR, individually

    Defendants.
_____/
LAW OFFICE OF KELMAN & FANTICH
BRIAN L. FANTICH P-60935
CARRA J. STOLLER P-64540
ADAM J. GANTZ P-58558
Attorney for Plaintiff
30903 Northwestern Highway #270
Farmington Hills, Michigan 48334
(248) 855-0100
_____/

## COMPLAINT

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

NOW COMES the above-named Plaintiff by and through her attorneys, LAW OFFICE OF KELMAN & FANTICH, and files this Complaint against the Defendants herein, and states as follows:

1. That at all times relevant hereto the Plaintiff was a resident of the City of Detroit, County of Wayne, State of Michigan.

2. That the Defendant, KIJARA GROUP, LLC, A Foreign Limited Liability Company, doing business at 16700 Whittier, Apt. 4, City of Detroit, County of Wayne, State of Michigan and

having Resident Agent being National Registered Agents, Inc., 40600 Ann Arbor Rd., Ste. 201, Plymouth, MI 48170.

3. That the Defendant, WHITTIER MANOR, individually, doing business at 10700 Whittier, Apt. 4, City of Detroit, County of Wayne, State of Michigan and having mailing address being 10700 Whittier Street, Detroit, MI 48224.

4. That the value of Plaintiff's claim is in excess of Twenty Five Thousand ($25,000.00) Dollars exclusive of interest, cost and attorney fees.

5. That on or about June 28, 2017, the Defendants did business at and/or were the owners and/or maintainers of real property located at 10700 Whittier, Apt. 4, City of Detroit, County of Wayne, State of Michigan.

6. That on that date Plaintiff was an invitee/tenant at Defendant's property located at 10700 Whittier, Apt. 4, City of Detroit, County of Wayne, State of Michigan, and was in the kitchen (common area) of said premises when, suddenly and without warning, Plaintiff was cause to fall on camouflaged, broken, uneven, defective tile and fell to the ground created by Defendants' agents and employees, causing Plaintiff to sustain serious and disabling injuries.

7. That at all times Defendants enjoyed possession and control over the area where this incident took place.

8. That at all times relevant to the within, the Defendants owed a duty to the Plaintiff to properly maintain the premises and were in a position to best control and prevent the condition exposing the Plaintiff to the unreasonable risk of harm, and knew of and created the defective and unsafe condition then and there existing on the premises.

9. That the Defendants owed a duty to the Plaintiff to inspect the areas where business invitees/tenants would walk to ensure that the premises would pose no risk of unreasonable harm to those lawfully on the premises.

2

10. That notwithstanding said knowledge and in total disregard of said duties, the Defendants breached the same by the following omissions, including but not limited to:

   a. Permitting said hazardous, condition (defective flooring) to remain on the premises in an area where tenants/invitees would walk, although Defendants knew, or in the exercise of reasonable care and diligence should have known of the dangerous condition thereof;

   b. Permitting a dangerous condition (defective flooring) to exist on said premises and allowed and permitted said premises, to remain in an unsafe condition, although Defendants knew, or in the exercise of reasonable care and diligence should have known thereof;

   c. Failing to inspect the premises, repair, replace and/or maintain the area, and/or remove said defect, or in the alternative, to give adequate notice or a warning to Plaintiff and other persons lawfully on said premises of the dangerous condition (defective flooring) thereof, although Defendants knew of, or in the exercise of reasonable care and diligence should have known of the dangerous condition thereof;

   d. Failing to keep the area where tenants/invitees would walk in a condition fit for its intended and foreseeable use in violation of MCL 554.139.

   e. Failing to provide adequate illumination due to defective lighting.

   f. Failing to keep the premises area in "reasonable repair" in violation of MCLA 554.139.

11. That as a direct and proximate result of Defendants negligence and carelessness, the Plaintiff sustained damages including, but not necessarily limited to:

   a. Severe injuries to chest and lung resulting in a pulmonary contusion; injuries to her head, back and neck, injuries to knees resulting in nerve damage; altered gait, permanent limp; inability to ambulate; injuries to her upper and lower extremities; gross and fine motor skill disturbance, severe shock, as well as physical pain and suffering as a result of being violently thrown to the ground;

   b. The requirement of intense therapy for injuries which are permanent in nature;

   c. Severe humiliation and embarrassment, which is of an ongoing and permanent nature;

   d. Loss of full ability to perform the normal vocational and avocational activities of life, and which prevent Plaintiff from participating in recreational activities, which loss is permanent;

3

e. Past, present and future hospital, medical, and pharmaceutical bills for treatment and medication;

f. Severe, frequent and persistent pain which is of a continuing and permanent nature;

12. That in the event that Plaintiff was suffering from any other medical and/or emotional condition, then in that event, Plaintiff claims that those conditions were precipitated, aggravated and/or accelerated by reason of the foregoing incident herein described.

13. That Defendant is liable for the negligent actions/inactions of its employees, representative pursuant to the doctrine of respondeat superior.

14. That Defendant's under a separate and distinct duty owed to Plaintiff, are responsible for the active negligence of its employees and are liable to Plaintiff for the injuries sustained to her.

15. That Defendants under a separate and distinct duty owed to Plaintiffs Defendants negligently performed their respective obligations-duties to the detriment of Plaintiff under the contract causing severe and disabling injuries giving rise to tort liability.

16. That Defendants under a separate and distinct duty owed to Plaintiff Defendants through their respective active negligence created a new hazard altering the premises which posed an unreasonable risk of harm to the detriment of Plaintiff causing severe and disabling injuries.

17. That Defendants had possession and control over the premises where this incident occurred.

18. That the Plaintiff and Defendant entered into a residential lease agreement which was intended to protect the expectations and rights of the Plaintiff, as an invitee/tenant, and the Defendants.

19. That the Defendants warranted by implication and pursuant to statute that he was to maintain the premises throughout the term of Plaintiff's tenancy in conformity with the existing

4

Michigan Housing Code and warranted against defects in the facility according to its use for residential purposes.

20. That the Defendants breached the warranty of habitability owed to the Plaintiff in failing to maintain and/or repair the defective flooring on the premises, over which the Defendants retained control to maintain and repair and Defendants failed to keep the area fit for its intended use.

21. That as a direct and proximate result of Defendants failure to uphold the warranty of habitability then existing in Plaintiff's favor, the Plaintiff suffered the substantial losses hereinabove set forth.

22. That Defendants, as the owner of the premises, violated MCLA 554.139 and MCLA 554.601, the Michigan Housing Law, MCLA 125.401, et seq., and MCLA 125.536 by permitting unsafe conditions to exist unabated on the premises.

23. That Defendants, as owner of premises, violated MCLA 67.10 by failing to keep to keep free from the walkway free of obstructions, encroachments or other nuisances.

24. That Defendant's have breached their respective duties under the International Property Maintenance Code (2009 Edition) and Building Construction Ordinance Section 302.3, which is applicable under MCLA 554.139. Said statutory/code breach caused Plaintiff's severe injuries to her detriment.

WHEREFORE, Plaintiff prays for Judgment against the Defendants in whatever amount above Twenty Five Thousand Dollars ($25,000.00) that Plaintiff may be found to be entitled plus costs, interest and attorney fees so wrongfully sustained.

LAW OFFICE OF KELMAN & FANTICH

Dated: June 22, 2020

By: _____
BRIAN L. FANTICH P-60935

5